UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>        Plaintiff,<br><br>   vs.<br><br>ROSA GONZALES, et al.,<br><br>        Defendants. | 1:17-cv-00038-GSA-PC<br><br>**FIRST SCREENING ORDER**<br><br>**ORDER FINDING COGNIZABLE CLAIM (ECF No. 1.)**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>    **(1) FILE FIRST AMENDED COMPLAINT,**<br><br>    **OR**<br><br>    **(2) NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY WITH COGNIZABLE RETALIATION CLAIM AGAINST DEFENDANT GONZALES**<br><br>**THIRTY DAY DEADLINE** |

**I.     BACKGROUND**

Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 11, 2017. (ECF No. 1.) Plaintiff's Complaint is now before the court for screening.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently out of custody. The events at issue in the Complaint allegedly occurred at Valley State Prison (VSP) in Chowchilla, California, when Plaintiff was incarcerated there, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Correctional Officer (C/O) Rosa Gonzales, Sergeant Fondren, C/O R. Mata, and R. Fisher (Warden, VSP) (collectively, "Defendants").

Plaintiff's allegations follow: On December 16, 2015, defendant C/O Rosa Gonzales worked in D2, "not as a regular but on request." ECF No. 1 at 3. C/O Gonzales asked her building partner, C/O Mata, about cell searches. Mata said that he did them when the building went to breakfast. C/O Gonzales told him to "wait, we'll do them later." ECF No. 1 at 3. This would allow more time to search. C/O Gonzales told C/O Mata she was going to search Room #10 (Plaintiff's room) alone. C/O Gonzales went straight to Plaintiff's bunk and locker, searching only this area out of seven other beds/inmates in the room.

C/O Gonzales had been previously served with Plaintiff's other lawsuit, case no. 1:14-cv-1177, which concerned violation of similar acts. During the search, she (Gonzales) found Plaintiff's folder containing his papers for the lawsuit. C/O Gonzales walked ten feet over to the room's cleaning supplies, grabbed the bottle of bleach, brought it over to Plaintiff's bed area, and poured bleach over Plaintiff's legal papers and folder. C/O Gonzales then grabbed Plaintiff's prayer rug and poured bleach over it, and then confiscated it, stating it was damaged personal property. C/O Gonzales further ransacked Plaintiff's property and area, leaving it in disarray.

This search violated policy and procedures by failing to have both officers present at the search, failing to properly provide Plaintiff with a cell search slip, failing to allow Plaintiff to view the search, and failure to keep Plaintiff's property in a reasonable condition after the search. C/O Gonzales's acts, working in D2 and searching alone, were in retaliation against Plaintiff for filing the prior lawsuit.

Plaintiff sent several Form 22 requests to C/O Gonzales, to return or replace the prayer rug. C/O Gonzales never responded to the Form 22 requests, in violation of Title 15, CCR § 3086(f)(4). Plaintiff filed a staff complaint against C/O Gonzales for the retaliation, Log #VSP-D-16-0039. The staff complaint was exhausted at the third level. On May 26, 2016, a timely Government Tort Claim was filed, claim #G632054. On June 6, 2016, the claim was rejected and Plaintiff was informed that his complaint was best suited for the court system.

///

///

To this day, the damaged prayer rug has never been replaced. C/O Gonzales's retaliation is a threat to Plaintiff for filing the existing lawsuit and has placed Plaintiff in fear of further retaliation and of pursuing his lawsuits.

C/O Mata failed to follow CDCR's policy and procedures for cell searching. C/O Mata allowed C/O Gonzales to search the room alone, allowing the retaliation to take place. Had C/O Mata gone with C/O Gonzales to search the room, the retaliation would have been prevented. C/O Mata turned a blind eye, so the retaliation took place, making C/O Mata liable.

According to departmental policy, when a staff complaint is filed, the complaint also goes to the Warden. Warden Fisher was thus aware of these retaliatory acts set forth by the facts in staff complaint Log #VSP-D-16-00039. Warden Fisher signed the response at the second level of review. Warden Fisher failed to take disciplinary action against C/O Gonzales for the clear acts of retaliation set forth in the complaint. Warden Fisher further failed to re-train C/O Gonzales on retaliation, cell searches, and inmates' rights. Warden Fisher's inactions in the matter allow staff to continue to retaliate against inmates and fail to protect inmates' constitutional rights.

Because C/O Gonzales failed to return Plaintiff's prayer rug, Plaintiff's right to exercise his religion has been denied since December 16, 2015.

Sergeant Fondren handled Plaintiff's 602 appeal Log #VSP-D-16-00039, interviewed Plaintiff, and saw the prayer rug and legal papers that were damaged by bleach. Sergeant Fondren denied the relief sought in the appeal, to replace the prayer rug. This left Plaintiff without a prayer rug to practice his religion.

Defendants Gonzales, Fondren, and Fisher violated California Civil Code § 52.1, by using threats and intimidation to interfere with Plaintiff's right to file a § 1983 claim. C/O Gonzales's continuing retaliation intimidates, coerces, and threatens Plaintiff, causing Plaintiff to live in fear of further retaliation for exercising his rights. Sergeant Fondren's and Warden Fisher's failure to stop the retaliation by C/O Gonzales supports the intimidation. Plaintiff fears that Gonzales's supervisor will allow further retaliation or participate in retaliation, such as transferring Plaintiff.

Plaintiff seeks monetary damages as relief.

IV. **PLAINTIFF'S CLAIMS**

A. **Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

///

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Eighth and Fourteenth Amendments

Plaintiff indicates in the Complaint that he brings claims under the Eighth and Fourteenth Amendments, but it is not apparent which rights Plaintiff believes have been violated. Plaintiff alleges that Defendants retaliated against him for filing a § 1983 complaint by searching his cell, damaging his property, and confiscating his religious property, causing Plaintiff emotional distress. These allegations, without more, do not support an Eighth Amendment claim or a Fourteenth Amendment claim. In a case such as Plaintiff's, the Eighth Amendment primarily protects against excessive force and deliberate indifference to a risk of serious harm, whereas the Fourteenth Amendment primarily protects against violations of due process and equal protection.

To the extent that Plaintiff seeks to bring a due process claim because his personal property was taken, this claim fails. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533. Here, California law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895 (Government Claims Act); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Therefore, Plaintiff fails to state a due process claim for loss or destruction of his property.

Plaintiff also fails to state a due process claim for an improper appeals process. Plaintiff alleges that defendants Fondren and Fisher improperly handled his appeal. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v.

Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Therefore, the court finds that Plaintiff fails to state any cognizable claims for violation of his rights under the Eighth or Fourteenth Amendments. Plaintiff shall be granted leave to file an amended complaint to clarify these claims, if he so wishes.

**C.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that on December 16, 2015, Defendants retaliated against him for filing a § 1983 complaint. The court finds that Plaintiff states a cognizable claim for retaliation against defendant C/O Rosa Gonzales, but not against any other defendant. The fact that defendant C/O Mata knew that C/O Gonzales was conducting a cell search that did not comply with policies and procedures does not cause Mata to be liable for C/O Gonzales's retaliatory acts. Further, defendants Fondren and Fisher are not liable for C/O Gonzales's acts merely because they failed to grant Plaintiff's 602 appeal requesting the return or replacement of his property.

Therefore, the court finds that Plaintiff states a claim for retaliation against defendant Gonzales.

### D. State Law Claims

Plaintiff alleges violations of state tort law, California Civil Code § 52.1, and Title 15, CCR § 3086(f)(4). Plaintiff is advised that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, the court has found a cognizable retaliation claim in the Complaint against defendant C/O Rosa Gonzales. Therefore, at this juncture, the court shall exercise supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claim.[1]

---

[1] At this stage of the proceedings, the court makes no determination about the viability of Plaintiff's state law claims.

### E. First Amendment Free Exercise of Religion

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, Plaintiff alleges that Defendants confiscated his prayer blanket. However, Plaintiff has not alleged facts suggesting that the deprivation of the prayer blanket substantially burdened his religious exercise. Plaintiff does not assert that he sincerely adheres to a religion or that he is prevented from engaging in conduct which he sincerely believes is consistent with his faith. Nor has Plaintiff has shown that he was coerced to forego his religious beliefs or forced to engage in conduct that violates those beliefs. To state a First Amendment free exercise claim, the deprivation must be more than an inconvenience.

///

Based on the above, the court finds that Plaintiff fails to state a cognizable First Amendment free exercise claim. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim found by the court.

## V.    CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff states a cognizable claim in the Complaint against defendant C/O Rosa Gonzales for retaliation in violation of the First Amendment. However, Plaintiff fails to state any other cognizable § 1983 claims against any of the Defendants upon which relief may be granted. Plaintiff shall be required to either file an amended complaint, or notify the court of his willingness to proceed only on the cognizable retaliation claim. Should Plaintiff choose to proceed only on the cognizable claim, the court will begin the process to initiate service upon defendant C/O Rosa Gonzales by the United States Marshal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on January 11, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (1) File a First Amended Complaint curing the deficiencies identified in this order, or
   (2) Notify the court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the cognizable retaliation claim against defendant C/O Rosa Gonzales;
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00038-GSA-PC; and
4. Plaintiff's failure to comply with this order will result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: __**December 21, 2017**__   _____**/s/ Gary S. Austin**_
                                         UNITED STATES MAGISTRATE JUDGE