UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROSA GONZALES, et al.,<br><br>　　　　Defendants. | 1:17-cv-00038-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANT C/O ROSA GONZALES ON PLAINTIFF'S CLAIMS FOR RETALIATION, VIOLATION OF THE FREE EXERCISE CLAUSE, AND RELATED STATE LAW CLAIMS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br>**(ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

**I.　　BACKGROUND**

　　Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 11, 2017.  (ECF No. 1.)  On December 21, 2017, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint, or notify the court that he is willing to proceed only on the claims found cognizable by the court.  (ECF No. 13.)  On February 9, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (ECF No. 17.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently out of custody. The events at issue in the Complaint allegedly occurred at Valley State Prison (VSP) in Chowchilla, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Correctional Officer (C/O) Rosa Gonzales and the CDCR (collectively, "Defendants").

///

1 | Plaintiff's allegations follow. On December 16, 2015, defendant C/O Rosa Gonzales worked in D2. (ECF No. 17 at 5 ¶2.) C/O Gonzales told C/O Mata [not a defendant] that she (Gonzales) would do the searches today. C/O Gonzales went straight to Plaintiff's bunk area, ransacked all his property, and found the folder that contained legal documents for case No. 1:14-cv-1177, where she (Gonzales) is named as a defendant. Defendant Gonzales grabbed bleach from under the sink in the room, poured bleach on the legal papers and folder, and grabbed Plaintiff's prayer rug and poured bleach all over it. Defendant Gonzales confiscated the prayer rug. The search was not performed according to policy. No other searches were conducted.

Plaintiff wrote two CDCR Form 22 requests to C/O Gonzales requesting the return or replacement of the prayer rug. C/O Gonzales never responded, in violation of Title 15, CCR § 3086(f)(4). Plaintiff filed a staff complaint against C/O Gonzales for retaliation, Log #VSP-D-16-0039. The staff complaint was exhausted at the third level.

On May 26, 2016, a timely Government Tort Claim was filed, claim #G632054. On June 6, 2016, the claim was rejected and Plaintiff was informed that his complaint was best suited for the court system.

To this day the damaged prayer rug has never been returned or replaced as requested in appeal Log #VSP-D-16-0039. C/O Gonzales's actions were in retaliation for Plaintiff filing lawsuit 1:14-cv-1177.

Sergeant Fonderon [not a defendant] handled the lower level appeals of Log #VSP-D-16-0039. Fonderon interviewed Plaintiff who showed Fonderon the bleached paper and folder, and Fonderon pulled the prayer rug out of the confiscation locker and saw the bleach marks on the prayer rug. Fonderon never gave the prayer rug back nor ordered it to be replaced. Plaintiff was left without a prayer rug.

Plaintiff is a Muslim. Muslims pray 5 times a day. When they pray, they utilize a prayer rug which is, and represents, Holy Ground. The prayer rug allows them to pray anywhere on Holy Ground. Their religion only allows them to pray on Holy Ground, "no exceptions," so since Plaintiff's prayer rug was confiscated and not replaced a key part of

Plaintiff's ability to practice his religion is missing. Without the prayer rug Plaintiff was not able to pray at all, so he could not practice his religion.

After the events described above Plaintiff was in constant fear that defendant C/O Gonzales would return and ransack and take his property. Several times Plaintiff thought about dismissing his lawsuit, but family and friends talked him into sticking it out. He did but was in constant fear.

Plaintiff seeks monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th

Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Eleventh Amendment Immunity – defendant CDCR

Plaintiff names CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### C. Retaliation – First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First

Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that on December 16, 2015, defendant C/O Gonzales destroyed his property because he filed a § 1983 complaint naming her (Gonzales) as a defendant. The court finds that Plaintiff states a cognizable claim for retaliation against defendant C/O Rosa Gonzales, but not against any other defendant.

### D. Free Exercise Clause – First Amendment

The Free Exercise Clause provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST. amend I. Inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. The First Amendment is made applicable to state action by incorporation through the Fourteenth Amendment. Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947).

///

However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). "To ensure that courts afford appropriate deference to prison officials, . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382 U.S. at 349. A prison regulation may therefore impinge upon an inmate's right to exercise his religion if the regulation is "reasonably related to legitimate penological interests." Shakur, 514 F.3d at 884. Thus, prisons may lawfully restrict religious activities for security purposes and other legitimate penological reasons. Turner v. Safley, 482 U.S. 78, 89–90 (1987); Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Furthermore, the Supreme Court has held that generally-applicable laws that incidentally burden a particular religion's practices do not violate the First Amendment. Employment Div. v. Smith, 494 U.S. 872, 878 (1990).

Claims for violation of the Free Exercise Clause of the First Amendment are used to challenge state or government statutes, regulations, and/or established policies. Thus, in order to state a cognizable claim for their violation, a plaintiff must identify an allegedly offending statute, regulation, or established policy. Under Turner, the Court considers: (1) whether the restriction has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmate; (3) the impact that accommodation of the asserted constitutional right will have on other inmates, guards, and institution resources; and (4) the presence or absence of alternatives that fully accommodate the inmate's rights at de minimis cost to valid penological interests. Turner, 483 U.S. at 89-91.

De minimis or minor-burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. See e.g., Rapier v. Harris, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a de minimis burden on inmate's free exercise of religion).

The court finds that Plaintiff states a cognizable claim against defendant C/O Gonzales for violating Plaintiff's rights under the Free Exercise Clause of the First Amendment.

### E. State Law Claims

Plaintiff alleges violations of state law, including the California Constitution, and California Civil Code §§ 52.1, 815.1, & 820. Plaintiff is advised that violation of state law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, the court has found cognizable federal law claims in the First Amended Complaint against defendant C/O Rosa Gonzales. Therefore, at this juncture, the court shall exercise supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims.[1]

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff states cognizable claims in the First Amended Complaint against defendant C/O Rosa Gonzales for retaliation, violation of the Free Exercise Clause of the First Amendment, and related state law claims. However, Plaintiff fails to state any other § 1983 claims against any of the Defendants upon which relief may be granted.

Plaintiff should not be granted leave to amend. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. The court finds that the

---

[1] At this stage of the proceedings, the court makes no determination about the viability of Plaintiff's state law claims.

deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed against defendant C/O Rosa Gonzales on Plaintiff's claims for retaliation, violation of the Free Exercise Clause of the First Amendment, and related state law claims;
2. All other claims and defendants be DISMISSED, for Plaintiff's failure to state a claim;
3. Defendant CDCR be DISMISSED from this case for Plaintiff's failure to state any claims against this defendant; and
4. This case be referred back to the assigned Magistrate Judge for further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2018**                    /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE