UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROSA GONZALES, et al.,<br><br>        Defendants. | 1:17-cv-00038-AWI-GSA-PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (ECF No. 20.)**<br><br>**ORDER FOR THIS CASE TO PROCEED AGAINST DEFENDANT C/O ROSA GONZALES ON PLAINTIFF'S CLAIMS FOR RETALIATION, VIOLATION OF THE FREE EXERCISE CLAUSE, AND BANE ACT CLAIM, AND DISMISSING ALL REMAINING CLAIMS AND DEFENDANTS** |

**I. Background**

Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 22, 2018, the court entered <u>findings and recommendations</u>, recommending that this action proceed only against Defendant C/O Rosa Gonzales on Plaintiff's claims for retaliation, violation of the free exercise clause, and related state law claims, and that all remaining claims and defendants be dismissed from this action. (ECF No. 20.) Plaintiff was provided an opportunity to file objections to the findings and recommendations within fourteen

days. The fourteen-day deadline has expired, and Plaintiff has not filed objections or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the bulk of the findings and recommendations to be supported by the record and proper analysis. However, the Court will screen the state law claims over which the Magistrate Judge has recommended the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1915A.

**II. Screening of State Law Claims**

A. Bane Act Violation

Plaintiff alleges a violation of California's Bane Act, codified at California Civil Code section 52.1. The Bane Act authorizes individual civil actions for damages and injunctive relief by individuals whose federal or state rights have been interfered with by threats, intimidation, or coercion. *See* Cal. Civ. Code § 52.1(a) (proscribing interference "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state..."); *see also Jones v. Kmart Corp*., 17 Cal.4th 329, 338 (1998) (interpreting Bane Act's use of "interferes" to mean "violates"). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist*., 149 Cal.App.4th 860, 883 (Cal. Ct. App. 2007); *see also Doe v. State*, 8 Cal.App.5th 832, 842, (Cal. Ct. App. 2017), review denied (June 14, 2017) ("To prevail on a cause of action under Civil Code section 52.1, the plaintiff must show that the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening or committing violent acts."). A plaintiff bringing a claim pursuant to the Bane Act "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or

coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (Cal. Ct. App. 2015), as modified on denial of reh'g (Mar. 6, 2015).

Plaintiff contends that Defendant Gonzales poured bleach on the legal papers in Plaintiff's cell relating to the civil suit that he initiated against her and poured bleach on his prayer rug, necessary for the practice of his Muslim faith. Plaintiff has adequately alleged that Defendant Gonzales attempted to interfere with Plaintiff's rights to seek redress of grievances, to not be retaliated against for exercise of protected speech activity, and to practice his religion. Defendant Gonzales's alleged conduct of pouring bleach on Plaintiff's legal papers and on Plaintiff's prayer rug is intimidating conduct. *See McMillan v. Rigler*, 2018 WL 497374, *19 (E.D. Cal. Jan. 22, 2018) (holding that a prison official's destruction of a prisoner's religious implement in retaliation for filing a civil action stated a claim under the Bane Act); *McMillan v. Rigler*, 2016 WL 374 WL 374509, *15-16 (E.D. Cal. Feb. 1, 2016) (same); *Ober v. County of Los Angeles*, 2011 WL 13124503, *7 (C.D. Cal. Aug. 15, 2011) (holding that denial of a Kosher meal and overtly hostile remarks regarding a prisoner's religion violated a protected right and can reasonably be construed as intimidating).

B. California Government Code §§ 815.2[1] and 820

Plaintiff's fourth and fifth claims assert violations of California Government Code section 815.2 and 820. Under section 820 of the California Government Code, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a). Under section 815.2 of the California Government Code, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." Cal. Gov't Code § 815.2(a). Neither code section creates a substantive right of action.[2] *See Orr v. County of Sacramento,*, 2013 WL

---

[1] Plaintiff's fifth claim alleges "violation of Cal[ifornia] Gov[ernmen]t Code [section] 815.1" Doc. 17. That section does not exist. Presumably, Plaintiff is referring to California Government Code section 815.2.

[2] In any event, section 815.2 does not create liability where immunity applies. The CDCR, a state agency, enjoys Eleventh Amendment immunity for claims for damages brought in federal court unless express waiver of immunity has taken place. *Parra v. Hernandez,* 2008 WL 5765843, *10 (E.D. Cal. July 22, 2008) (dismissing claim for vicarious liability pursuant to section 815.2 against the CDCR based on Eleventh Amendment immunity); *see Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (The Eleventh Amendment prohibits federal courts from hearing suits brought

3519637, *9 (E.D. Cal. Aug. 26, 2013); (*Giraldo v. CDCR,* 168 Cal.App.4th 231, 245 (Cal. Ct. App. 2008) (explaining that section 815.2 provides only that public entities are liable for claims against their employees acting within the scope of their employment; a statutory duty is not created by section 815.2). The facts underlying the Government Code claims seem to reiterate and be duplicative of Plaintiff's Bane Act claim. Those claims are not independent, stand-alone claims and will be dismissed with prejudice.

C. Violation of California Constitution, Article I, section 4.

Plaintiff's fifth cause of action asserts a freestanding claim of violation of the Free Exercise clause of Article I, section 4 of the California Constitution. Much like the United States Constitution, the California Constitution contains a "Declaration of Rights." California Cnst. Art. I, Sec. 1. However, to create a private right of action, a constitutional provision must "supply a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." *Allen v. County of Sonoma*, 2017 WL 3593340, *4 (N.D. Cal. Aug. 18, 2017) (citation and internal quotation omitted). "A constitutional provision does not create a private right of action when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law." *Id*. Even when a private right of action exists, whether monetary relief is appropriate is a separate question. *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 317 (2002).

This Court's research has yielded no case where a freestanding right to damages for violation of the Free Exercise clause of the California Constitution. *Cf. Khatib v. County of Orange,* 2008 WL 822562, *11 (C.D. Cal. Mar. 26, 2008) *rev'd on other grounds by* 639 F.3d 898 (9th Cir. 2011) (recognizing that California courts had not yet addressed whether a private suit for monetary damages was available under Article I, section 4 of the California Constitution, and declining to exercise supplemental jurisdiction over the novel issue of state law); *Creighton v. City of Livingston*, 628 F.Supp.2d 1199, 1218-1219 (E.D. Cal. 2009) (same

---

against unconsenting states.) Additionally, under California Government Code section 844.6, a public entity cannot be liable for an injury to a prisoner in most situations. Cal. Gov't Code § 844.6(a). Although some exceptions exist, none are applicable here. *E.g.*, Cal. Gov't Code § 845.2.

4

as to section 3 of the California Constitution); *Washington v. County of Santa Barbara*, 2004 WL 1926131, *4 (Cal. Ct. App. Aug. 31, 2004) (declining to resolve whether there exists a freestanding right to damages for violation of the free exercise clause of the California Constitution). The question of whether Article I, section 4 of the California Constitution provides a freestanding right of action for money damages remains as unanswered and complex a question as it was in 2008. It is an important question of California constitutional law appropriately answered by a California court. Accordingly, this Court will decline to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. 1367(c)(1); *see Khatib*, 2008 WL 822562 at *11.[3]

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the Magistrate Judge on February 22, 2018, are ADOPTED in part;
2. This case now proceeds with Plaintiff's First Amended Complaint filed on February 9, 2018, against defendant C/O Rosa Gonzales on Plaintiff's claims for retaliation, violation of the Free Exercise Clause of the First Amendment, and Bane Act claim;
3. The Court declines to exercise subject matter jurisdiction over Plaintiff's claim pursuant to Article I, section 4 of the California Constitution;
4. All remaining claims and defendants are DISMISSED, based on Plaintiff's failure to state a claim;
5. Defendant CDCR is DISMISSED from this case for Plaintiff's failure to state any claims against this defendant;
6. The Clerk is directed to reflect on the docket that this case now proceeds only against one defendant, C/O Rosa Gonzales; and

///

---

[3] This Order does not resolve whether Plaintiff may state a claim pursuant to Article I, section 4 of the California Constitution. The dismissal of that claim is designed to have no preclusion effect to Plaintiff's refiling of that claim in a California Court.

7. This case is referred back to the assigned Magistrate Judge for further proceedings, including initiation of service of process.

IT IS SO ORDERED.

Dated: April 13, 2018

_____
SENIOR DISTRICT JUDGE