# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>              Plaintiff,<br><br>    v.<br><br>ROSA GONZALES, et al.,<br><br>              Defendants. | 1:17-cv-00038-AWI-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE FOR LIMITED PURPOSE**<br>**(ECF No. 30.)**<br><br>**NEW DEADLINE FOR PLAINTIFF TO FILE MOTIONS TO COMPEL:  MARCH 4, 2019**<br><br>**NEW DEADLINE FOR ALL PARTIES TO FILE DISPOSITIVE MOTIONS:  MAY 4, 2019** |

**I.    BACKGROUND**

Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on February 9, 2015, against defendant C/O Rosa Gonzales on Plaintiff's claims for retaliation, violation of the Free Exercise Clause of the First Amendment, and Bane Act claim.[1]

On July 16, 2018, the court issued a discovery and scheduling order setting out deadlines for the parties, including a deadline of January 16, 2019 to complete discovery, including the filing of motions to compel, and a deadline of February 14, 2019, to file dispositive motions.

---

[1] On April 16, 2018, the court dismissed all other claims and defendants from this case, based on Plaintiff's failure to state a claim.  (ECF No. 21.)

1

(ECF No. 27.) On August 31, 2018, the deadline for filing dispositive motions was extended to March 14, 2018. (ECF No. 29.)

On December 13, 2018, Plaintiff filed a motion to modify the July 16, 2018 discovery and scheduling order to extend the discovery deadline. (ECF No. 30.) Defendant has not opposed the motion, and the time for opposition has now expired. Local Rule 230(*l*).

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests a 90-day extension of the discovery deadline from January 16, 2019, to April 16, 2019, to file one or more motions to compel. Plaintiff asserts that he has received several responses to his discovery requests and finds some of them deficient, and he is currently attempting to resolve the issues by sending meet-and-confer letters to defense counsel. Plaintiff does not expect the letters to resolve the issues and he anticipates filing one or more motions to compel. Due to the approach of the discovery deadline, Plaintiff argues that he will not have time to file a motion to compel before the deadline expires.

### Discussion

On January 9, 2019, Plaintiff filed a timely motion to compel in which he requests further responses to his Request for Production of Documents, Set Two, numbers 1-3. (ECF No. 31.) By this motion, Plaintiff demonstrates that he was able to file one motion to compel before the January 16, 2019, discovery deadline expired. However, Plaintiff has indicated that he may need to file more than one motion to compel and has shown that even with due diligence he cannot meet the court's discovery deadline. In light of the fact that Plaintiff has already filed one motion

to compel and has not advised the court whether he needs to file more, the court finds good cause to extend the discovery deadline for 45 days, but not for 90 days. Therefore, the discovery deadline shall be extended to March 4, 2019, for the limited purpose of allowing Plaintiff time to file his motions to compel. If Plaintiff requires another extension of the deadline he should file a new motion before the expiration of the current deadline. The court also finds good cause to extend the deadline for filing dispositive motions to May 4, 2019, for all parties.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Good cause appearing, Plaintiff's motion to modify the court's July 16, 2018, discovery and scheduling order, is GRANTED;
2. The deadline for the completion of discovery, including the filing of motions to compel, is extended from January 16, 2019 to **March 4, 2019,** for the limited purpose of allowing time for Plaintiff to file his motions to compel;
3. The deadline for filing dispositive motions is also extended from March 14, 2018 to **May 4, 2019**, for all parties; and
4. All other provisions of the court's July 16, 2018 and August 31, 2018 scheduling orders remain the same.

IT IS SO ORDERED.

Dated: **January 18, 2019**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE