# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR HEARNS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSA GONZALES, et al.,<br><br>        Defendants. | 1:17-cv-00038-AWI-GSA-PC<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFF'S MOTION TO COMPEL**<br>**(ECF No. 31.)**<br><br>**ORDER FOR DEFENDANT GONZALES TO PROVIDE A FURTHER RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO, NO. 1, AS INSTRUCTED BY THIS ORDER, WITHIN THIRTY DAYS** |

## I. BACKGROUND

Plaintiff is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on February 9, 2018, against defendant C/O Rosa Gonzales on Plaintiff's claims for retaliation, violation of the Free Exercise Clause of the First Amendment, and violation of the Bane Act.[1] (ECF No. 17.)

On July 16, 2018, the court issued a discovery and scheduling order setting out deadlines for the parties, including a deadline of January 16, 2019, to complete discovery, and a deadline

---

[1] On April 16, 2018, the court dismissed all other claims and defendants from this case, based on Plaintiff's failure to state a claim. (ECF No. 21.)

of February 14, 2019, to file dispositive motions. (ECF No. 27.) On August 31, 2018, the court *sua sponte* extended the deadline for filing dispositive motions to March 14, 2019. (ECF No. 29.)

On January 9, 2019, Plaintiff filed a motion to compel discovery. (ECF No. 31.) On January 30, 2019, Defendant filed an opposition. (ECF No. 36.) On March 11, 2019, Plaintiff filed a reply.[2] (ECF No. 37.)

On January 18, 2019, on Plaintiff's motion, the discovery deadline was extended to March 4, 2019, for the limited purpose of Plaintiff filing a further motion to compel, and the dispositive motions deadline was extended to May 4, 2019. (ECF No. 32.) The deadlines have now expired.

Plaintiff's motion to compel discovery is now before the court. Local Rule 230(*l*).

## II. LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a).

///

---

[2] On March 11, 2019, Plaintiff also filed a document titled "Judicial Notice," in which Plaintiff declares under penalty of perjury that he submitted his "Reply to Defendant's Opposition to Motion to Compel" and "Request for Extension of Discovery Deadline" twice within approximately two weeks. (ECF No. 36.) Plaintiff requests the court to take judicial notice in case any time restraints are affected.

The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). Therefore, the court takes judicial notice of the Plaintiff's request for judicial notice and declaration filed on March 11, 2019. However, the facts contained in Plaintiff's declaration are not the type of facts that are appropriate for judicial notice because Plaintiff's declaration is subject to reasonable dispute. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, good cause appearing, the court considers Plaintiff's reply to Defendant's opposition to the motion to compel, filed on March 11, 2019, to be timely filed.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002.)

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently out of custody. The events at issue in the First Amended Complaint allegedly occurred at Valley State Prison (VSP) in Chowchilla, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff's allegations follow. On December 16, 2015, defendant C/O Rosa Gonzales worked in D2. (ECF No. 17 at 5 ¶2.) C/O Gonzales told C/O Mata [not a defendant] that she (Gonzales) would do the searches today. C/O Gonzales went straight to Plaintiff's bunk area,

ransacked all his property and found the folder that contained legal documents for case No. 1:14-cv-1177, where she (Gonzales) is named as a defendant. Defendant Gonzales grabbed bleach from under the sink in the room, poured bleach on the legal papers and folder and grabbed Plaintiff's prayer rug and poured bleach all over it. Defendant Gonzales confiscated the prayer rug. The search was not performed according to policy. No other searches were conducted.

Plaintiff wrote two CDCR Form 22 requests to C/O Gonzales, requesting the return or replacement of the prayer rug. C/O Gonzales never responded, in violation of Title 15, CCR § 3086(f)(4). Plaintiff filed a staff complaint against C/O Gonzales for retaliation, Log #VSP-D-16-0039. The staff complaint was exhausted at the third level.

On May 26, 2016, a timely Government Tort Claim was filed, claim #G632054. On June 6, 2016, the claim was rejected and Plaintiff was informed that his complaint was best suited for the court system.

To this day, the damaged prayer rug has never been returned or replaced as requested in appeal Log #VSP-D-16-0039. C/O Gonzales's actions were in retaliation for Plaintiff filing lawsuit 1:14-cv-1177.

Sergeant Fonderon [not a defendant] handled the lower level appeals of Log #VSP-D-16-0039. Fonderon interviewed Plaintiff, who showed Fonderon the bleached paper and folder, and Fonderon pulled the prayer rug out of the confiscation locker and saw the bleach marks on the prayer rug. Fonderon never gave the prayer rug back, nor ordered it to be replaced. Plaintiff was left without a prayer rug.

Plaintiff is a Muslim. Muslims pray 5 times a day. When they pray they utilize a prayer rug, which is and represents Holy Ground. The prayer rug allows them to pray anywhere on Holy Ground. Their religion only allows them to pray on Holy Ground, "no exceptions," so since Plaintiff's prayer rug was confiscated and not replaced a key part of Plaintiff's ability to practice his religion is missing. Without the prayer rug Plaintiff was not able to pray at all, so he could not practice his religion.

After the events described above, Plaintiff was in constant fear that defendant C/O Gonzales would return and ransack and take his property. Several times Plaintiff thought about

dismissing his lawsuit, but family and friends talked him into sticking it out. He did but was in constant fear.

Plaintiff seeks monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

On April 16, 2018, the court found that Plaintiff stated cognizable claims in the First Amended Complaint against defendant C/O Rosa Gonzales for violating Plaintiff's rights under the Free Exercise Clause of the First Amendment, for retaliating against Plaintiff under the First Amendment, and for violating the Bane Act. (ECF No. 21.) Following are the legal standards that apply to Plaintiff's claims.

### A. Retaliation – First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### B. Free Exercise Clause – First Amendment

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

5

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman,125 F.3d at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

### C. Bane Act Violation

California's Bane Act is codified at California Civil Code section 52.1. The Bane Act authorizes individual civil actions for damages and injunctive relief by individuals whose federal or state rights have been interfered with by threats, intimidation, or coercion. See Cal. Civ. Code § 52.1(a) (proscribing interference "by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . ."); see also Jones v. Kmart Corp., 17 Cal.4th 329, 338 (1998) (interpreting Bane Act's use of "interferes" to mean "violates"). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860, 883 (Cal. Ct. App. 2007); see also Doe v. State, 8 Cal.App.5th 832, 842, (Cal. Ct. App. 2017), review denied (June 14, 2017) ("To prevail on a cause of action under Civil Code section 52.1, the plaintiff must show that the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening or committing violent acts."). A plaintiff bringing a claim

pursuant to the Bane Act "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal.App.4th 41, 67 (Cal. Ct. App. 2015), as modified on denial of reh'g (Mar. 6, 2015).

## V. PLAINTIFF'S MOTION

Plaintiff requests the court to compel defendant Gonzales to serve additional responses to his Request for Production, Set Two, Nos. 1, 2, and 3, which he propounded upon Defendant. Plaintiff has submitted a copy of the Requests and Responses at issue. (ECF No. 31 at 12-15, 28-30.)

Plaintiff argues that defendant Gonzales failed to properly respond to each of the requests in compliance with the Federal Rules of Discovery. Plaintiff asserts that he sent a meet and confer letter dated November 23, 2018, to Defendant, but Defendant still failed to respond to each request under the Federal Rules.

The court shall address each request in turn.

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO, NO. 1:**

"A copy of the log book or log sheets for D-Yard Program that show confiscated items held in the confiscation locker in D-Yard Program for the dates of 12-16-15 to 12-20-15."

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, NO. 1:**

"Defendant objects to this request on the grounds that it assumes facts which have not been admitted, is vague as to time, is overly broad, and fails to identify the documents requested with specificity. Without waiving these objections, and after a reasonable search with diligent inquiry, no responsive documents were located in Defendant's possession, custody, or control."

**Discussion:** Plaintiff states that his allegations that Defendant confiscated Plaintiff's prayer rug are admitted in the complaint, and the request for copies of log sheets or a log book are related to this case. Plaintiff asserts that when Defendant confiscated the prayer rug it had to go to D-Yard Program office and be logged into the confiscation locker. Plaintiff argues that

7

Defendant's objection has no merit because there is no vagueness of time, and it is not hard to figure out which documents are requested. Plaintiff argues that Defendant has a legal right to obtain copies of these documents, a legal right to obtain the documents, and the ability to obtain them. Plaintiff states that he needs these copies to show the description of the confiscated item and when it was confiscated. Plaintiff contends that this is a crucial fact because Defendant has suggested that the item is not a prayer rug.

Defendant asserts that she conducted a reasonable search and diligent inquiry for any responsive documents and could not find any, and that she (Defendant) did not refuse to produce any documents based on her objections.

**Ruling**: Plaintiff's motion to compel a further response to Request No. 1 is granted.

Defendant asserts boilerplate objections, which do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149. Defendant claims Plaintiff's request is vague as to time and overly broad, but Plaintiff specifically requests records from only four days, December 16-20, 2015. Defendant also objects on the ground that the request fails to identify the documents requested with specificity. The court disagrees. Plaintiff requests documentation of the items logged into the confiscation locker in D Yard Program during four specific days. Nonetheless, Defendant states that she did not refuse to produce any documents based on the objections.

Defendant's response that she conducted a reasonable search with diligent inquiry, but no responsive documents were located in Defendant's possession, custody, or control is insufficient. In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No.

1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Plaintiff is entitled to a representation regarding why responsive documents cannot be produced, e.g., the document(s) never existed; has(ve) been lost or stolen; was (were) inadvertently destroyed; or is (are) not in the possession, custody or control of Defendant. See Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984); Dunn v. Trans World Airlines, Inc., 589 F.2d 408 (9th Cir. 1978).

Defendant shall, therefore, be required to provide Plaintiff with copies of the log book pages requested, if such documents exists in the possession, custody, or control of the Defendant or the California Department of Corrections and Rehabilitation ("CDCR"). If the documents are not available to Defendant, she must provide a supplemental response stating that a diligent search and reasonable inquiry was made to locate the requested documents and explaining why they cannot be produced. Defendant has not described her efforts with sufficient specificity to allow the Court to determine whether she made a reasonable inquiry and exercised due diligence in searching for the documents requested in Request No. 1, nor has she stated that the documents do not exist.

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO, NO. 2:**

"A copy of the Title 15, DOM, or OP that states that cell searches can be done by only one C/O or there has to be two C/O's present from the time frame of September 2013 and December 2015."

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, NO. 2:**

"Defendant objects to this request on the grounds that it is overly broad, is vague in its entirety, calls for speculation, assumes facts which have not been admitted, fails to identify the documents requested with specificity, and is excessive proportional to the needs of the case because it calls for the production of documents which are irrelevant to the claims or defenses of any party. Without some clarification of the documents being sought, Defendant cannot reasonably respond to this request."

1 **Discussion:** Plaintiff contends that he was told a policy exists addressing searches by a C/O of a locker or bed area. Plaintiff asserts that in the years Plaintiff was in state prison, it was told to him that when a C/O searches an inmate's bed area or locker there have to be two C/O's present. Plaintiff asserts that he is requesting this policy but does not know if the policy comes from the CCR Title 15, the DOM, or the OP. Plaintiff claims the requested policy is crucial to determine if the Defendant followed policy, and is relevant because Plaintiff's claims are based on searches, confiscated items and retaliation.

Defendant argues that Plaintiff's Request No. 2 was so unclear as to be meaningless because he identifies three possible sources of documents during two distinct time frames for two alternative policies, neither of which he knows exist. Defendant contends that the court is not responsible for clarifying Plaintiff's unintelligible discovery requests. Defendant argues that Plaintiff is more than capable of propounding interrogatories related to policies for cell searches or simply propounding multiple production requests with specificity as required under Rule 34.

**Ruling**: Plaintiff's motion to compel a further response to Request No. 2 is denied.

Plaintiff has not adequately specified which policy he is seeking, where it can be found, or even that it exists. Discovery requests must state with particularity the information sought. AJ Reyes v. Educ. Credit Mgmt. Corp., No. 15CV628-BAS(JMA), 2016 WL 9488704, at *3 (S.D. Cal. Sept. 20, 2016) (citing see Lawrence v. First Kan. Bank & Trust Co., 169 F.R.D. 657, 662 (D. Kan. 1996). Plaintiff has not done so, and the court finds this request to be is overly burdensome. Defendant shall not be required to make a search of the three possible sources Plaintiff has proposed to find a policy that may not exist.

**PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO, NO. 3:**

"A copy [of a] photograph of the wool blankets in their entirety. Also, a separate color picture of a close up of the stitching around the edges of the wool blanket. (Note: there are digital cameras in all the program offices, so it would be easy to take a picture and print it)."

///
///

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, NO. 3:**

Defendant objects to this request on the grounds that it is vague as to time, is vague as to 'the wool blankets,' and assumes fact which have not been admitted. To the extent that Plaintiff is requesting that Defendant take pictures of 'the wool blankets' and provide them to Plaintiff, Defendant is not obligated to create documents in response to Plaintiff's request. Without waiving these objections, and after a reasonable search and diligent inquiry, no responsive documents could be located within the Defendant's possession, custody, or control."

**Discussion:** Plaintiff asserts that Defendant has stated in discovery that the confiscated item in question, a prayer rug, was not a prayer rug but a wool blanket that the prison supplies. Plaintiff requests that Defendant go to any laundry room on any of the yards at the prison and get one of the wool blankets and send it to Plaintiff. Plaintiff contends he needs this discovery to dispute Defendant's allegation that the item in question is not a prayer rug.

Defendant states that she searched for any relevant documents in her possession, custody, or control and found nothing responsive. Defendant asserts that she did not refuse to produce any documents based on her objections.

**Discussion**: Plaintiff's motion to compel a further response to Request No. 3 is denied.

Defendant's boilerplate objections are impermissible, but then Defendant has stated that she did not refuse to produce any documents based on those objections. Plaintiff requests copies of photos of a wool blanket used at the prison. Plaintiff does not assert that these photos exist, nor narrow the scope of the places Defendant should search for such photos. This request is burdensome as Defendant cannot know when the search is done. Further, Defendant is not required to create documents or take photos in response to Plaintiff's request. Defendant is not required to respond further to Request No. 3.

**VI. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on January 9, 2019, is GRANTED in part and DENIED in part;

2. Plaintiff's motion to compel further responses to Plaintiff's Request for Production of Documents, Set Two, No. 1 is GRANTED, and Defendant Rosa Gonzales is required to provide a further response to Request No. 1 as instructed by this order, within thirty days of the date of service of this order; and

3. Plaintiff's motion to compel further responses to Plaintiff's Requests Nos. 2 and 3 is DENIED.

IT IS SO ORDERED.

Dated: **August 9, 2019**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE