UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMAR HEARNS, | 1:17-cv-00038-AWI-GSA (PC) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO FILE SURREPLY** |
| v. | **(ECF No. 51.)** |
| ROSA GONZALES, et al., | **ORDER STRIKING PROPOSED SURREPLY (ECF No. 50.)** |
| Defendants. | |

## I. BACKGROUND

Jamar Hearns ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against defendant Rosa Gonzales on Plaintiff's claims for retaliation, violation of the Free Exercise Clause, and violation of the Bane Act. (ECF No. 21.)

On July 19, 2019, Plaintiff filed a motion for leave to file a surreply and submitted a proposed surreply for the court's review. (ECF Nos. 50, 51.) Defendant has not opposed the motion.

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither

1

the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff seeks to file a surreply in response to Defendant's reply to Plaintiff's opposition to Defendant's motion for summary judgment filed on May 3, 2019. Plaintiff argues that Defendant raised two new issues in her reply brief. The first issue concerns Defendant's statement that Plaintiff admitted in his opposition that he received a free prayer rug approximately five months after the incident, a fact that "Plaintiff explicitly refused to provide" at his deposition. (ECF No. 51 at 10.) Defendant objects to Plaintiff using this purported fact to create a genuine dispute of material fact. The second issue concerns Defendant's statement that Plaintiff has used standards for a RLUIPA claim, not a First Amendment free exercise claim. If granted leave to file a surreply, Plaintiff expects to explain why he did not disclose at his deposition that he received a free prayer rug, and to defend his use of facts supporting a RLUIPA claim.

These two "new" issues identified by Plaintiff were not newly raised by Defendant in her reply brief. Plaintiff himself disclosed in his opposition that he had received a free prayer rug, and Plaintiff himself raised and argued a RLUIPA claim in his opposition. These are not new issues requiring a surreply by Plaintiff.

In his proposed surreply, Plaintiff offers substantial support to his argument that Defendant's actions caused a substantial burden to the practice of his religion and were not reasonably related to a legitimate penological interest. Plaintiff previously argued the substantial burden issue in his opposition and he now seeks to bring the argument again, more than a month after Defendant's motion for summary judgment was fully briefed and deemed submitted to the court. L.R. 230(*l*).

Plaintiff has not shown good cause for the court to allow him to file a surreply. Therefore, Plaintiff's motion shall be denied and his proposed surreply shall be stricken from the record.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file a surreply (ECF No. 51), filed on July 19, 2019, is DENIED; and
2. Plaintiff's proposed surreply (ECF No. 50), filed on July 19, 2019, is STRICKEN from the record.

IT IS SO ORDERED.

| Dated: | **October 31, 2019** | **/s/ Gary S. Austin** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |