UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR R. HEARNS,<br><br>             Plaintiff,<br><br>      vs.<br><br>ROSA GONZALES, et al.,<br><br>             Defendants. | 1:17-cv-00038-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 58.)** |

On May 21, 2020, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, a settlement conference has been scheduled for December 1, 2020 at 1:00pm before Magistrate Judge Erica P. Grosjean.  Plaintiff seeks counsel to represent him at the settlement conference and argues that the legal issues in this case are complex.  This alone does not make Plaintiff's case exceptional.

At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits.  While the court has found that Plaintiff states cognizable claims for retaliation, violation of Plaintiff's right to exercise his religion, and violation of the Bane Act, these findings are not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 20 at 6:14-15, 8:1-2.)  The legal issues in this case are not complex, and based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is **HEREBY DENIED**, without prejudice.

IT IS SO ORDERED.

Dated:   **July 1, 2020**                         **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE